**STATE OF ILLINOIS** )
) **SS**
**COUNTY OF C O O K** )

**ATTORNEY NO. 46715**

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

FILED B - 7
2017 JUL 24 AM 11:20
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

**ANTHONY PENA and SANDRA PENA,**

**Plaintiffs,**

**v.**

**GRAY LINE CORPORATION, a Delaware Corporation, GRAY LINE LOS CABOS SA DE CV, individually, and d/b/a GRAY LINE PUERTO VALLARTA, a foreign Corporation, EXPEDIA, INC., individually, and d/b/a EXPEDIA and TRAVELOCITY, a Washington Corporation, and VALLARTA ADVENTURES, SA DE CV, individually, and d/b/a VALLARTA ADVENTURES, a foreign Corporation,**

**Defendants.**

**No. 17 L 004446**

**FIRST AMENDED COMPLAINT AT LAW**

NOW COME the Plaintiffs, ANTHONY PENA, and SANDRA PENA, by and through their attorneys, LAW OFFICE OF DANIEL E. GOODMAN, LLC, and state the following in their First Amended Complaint against the Defendants, GRAY LINE CORPORATION, GRAY LINE LOS CABOS SA DE CV, individually and d/b/a GRAY LINE PUERTO VALLARTA, EXPEDIA, INC., individually and d/b/a EXPEDIA and TRAVELOCITY, and VALLARTA ADVENTURES, SA DE CV, individually, and d/b/a VALLARTA ADVENTURES:

1. This cause of action arises from the devastating injuries and losses sustained by the Plaintiffs, ANTHONY PENA and SANDRA PENA, when the UNIMOG (a multi-purpose, all-wheel drive truck) in which they were traveling as part of the "Hidden Mexico" excursion that was marketed, promoted, sold and operated by the Defendants, and their agents, rolled-off the side of a mountain

road, at or near Puerto Vallarta, Mexico, on July 24, 2015.

**I. The Parties**

2. Plaintiff, ANTHONY PENA, presently and at all times relevant to these causes of action is a resident and domiciliary of the City of Chicago, County of Cook, State of Illinois and was at all times relevant to these causes of action the husband of Plaintiff, SANDRA PENA.

3. Plaintiff, SANDRA PENA, presently and at all times relevant to these causes of action is a resident and domiciliary of the City of Chicago, County of Cook, State of Illinois and was at all times relevant to these causes of action the wife of Plaintiff, ANTHONY PENA.

4. Defendant, GRAY LINE CORPORATION, is a Foreign Corporation for Profit, conducting business in the State of Illinois. Incorporated in Delaware, it maintains its principal place of business in the State of Colorado.

5. Defendant, EXPEDIA, INC., individually, and d/b/a EXPEDIA and TRAVELOCITY, is a Foreign Corporation for Profit, registered and conducting business in the State of Illinois. Incorporated in Washington, it maintains its principal place of business in the State of Washington.

6. Defendant, GRAY LINE LOS CABOS SA DE CV, individually, and d/b/a GRAY LINE PUERTO VALLARTA, is a Foreign Corporation for Profit, conducting business with residents of the State of Illinois. Incorporated in Mexico, it maintains its principal place of business in the Country of Mexico.

7. Defendant, VALLARTA ADVENTURES, SA DE CV, individually, and d/b/a VALLARTA ADVENTURES, is a Foreign Corporation for Profit, conducting business with residents of the State of Illinois. Incorporated in Mexico, it maintains its principal place of business in the Country of Mexico.

## II. Jurisdiction

8. At all times relevant to these causes of action, **GRAY LINE CORPORATION** was subject to the limited personal jurisdiction of this Court as a result of the following:

a. **GRAY LINE CORPORATION** either personally and/or through affiliates, agents, or otherwise, engaged in, transacted, carried on, a business or business ventures in Illinois such that the Illinois Long Arm Statute, 735 ILCS 5/2-209(b), provides limited personal jurisdiction.

b. **GRAY LINE CORPORATION,** directly, or through agents affiliates, employees, subsidiaries, or otherwise, engaged in, transacted or carried on business transactions through their advertising, solicitation, marketing, arranging, representations, and other such actions, which constituted an act to be done or consequences to occur in the state, and limited personal jurisdiction is found under §2-209(b), in Illinois.

c. **GRAY LINE CORPORATION**, itself or through its affiliates, owns, uses or possesses real or tangible personal property in this state, such that limited personal jurisdiction is found under 735 ILCS 5/2-209(b), in Illinois.

9. At all times relevant to these causes of action, **GRAY LINE LOS CABOS SA DE CV, individually and d/b/a GRAY LINE PUERTO VALLARTA,** was subject to the limited personal jurisdiction of this Court as a result of the following:

a. **GRAY LINE LOS CABOS SA DE CV, individually and d/b/a GRAY LINE PUERTO VALLARTA,** either personally and/or through affiliates, agents, or otherwise, engaged in, transacted, carried on, a business or business ventures in Illinois and/or with Illinois residents, such that the Illinois Long Arm Statute, 735

ILCS 5/2-209(b), provides limited personal jurisdiction.

b. **GRAY LINE LOS CABOS SA DE CV, individually and d/b/a GRAY LINE PUERTO VALLARTA,** directly, or through agents affiliates, employees, subsidiaries, or otherwise, engaged in, transacted or carried on business transactions through their advertising, solicitation, marketing, arranging, representations, and other such actions, which constituted an act to be done or consequences to occur in the state and/or with respect to Illinois residents and limited personal jurisdiction is found under §2-209(b), in Illinois.

10. At all times relevant to these causes of action, **EXPEDIA, INC., individually and d/b/a EXPEDIA and TRAVELOCITY,** was subject to the limited personal jurisdiction of this Court as a result of the following:

a. **EXPEDIA, INC., individually and d/b/a EXPEDIA,** either personally and/or through affiliates, agents, or otherwise, engaged in, transacted, carried on, a business or business ventures in Illinois such that the Illinois Long Arm Statute, 735 ILCS 5/2-209(b), provides limited personal jurisdiction.

b. **EXPEDIA, INC., individually and d/b/a EXPEDIA,** directly, or through agents affiliates, employees, subsidiaries, or otherwise, engaged in, transacted or carried on business transactions through their advertising, solicitation, marketing, arranging, representations, and other such actions, which constituted an act to be done or consequences to occur in the state, and limited personal jurisdiction is found under §2-209(b), in Illinois.

c. **EXPEDIA, INC., individually and d/b/a EXPEDIA and TRAVELOCITY,** itself or through its affiliates, owns, uses or possesses real or tangible personal

property in this state, such that limited personal jurisdiction is found under 735 ILCS 5/2-209(b), in Illinois.

11. At all times relevant to these causes of action, **VALLARTA ADVENTURES, SA DE CV, individually, and d/b/a VALLARTA ADVENTURES,** was subject to the limited personal jurisdiction of this Court as a result of the following:

a. **VALLARTA ADVENTURES, SA DE C., individually, and d/b/a VALLARTA ADVENTURES,** either personally and/or through affiliates, agents, or otherwise, engaged in, transacted, carried on, a business or business ventures in Illinois and/or with Illinois residents, such that the Illinois Long Arm Statute, 735 ILCS 5/2-209(b), provides limited personal jurisdiction.

b. **VALLARTA ADVENTURES, SA DE CV, individually, and d/b/a VALLARTA ADVENTURES,** directly, or through agents affiliates, employees, subsidiaries, or otherwise, engaged in, transacted or carried on business transactions through their advertising, solicitation, marketing, arranging, representations, and other such actions, which constituted an act to be done or consequences to occur with respect to the state and/or Illinois residents and limited personal jurisdiction is found under §2-209(b), in Illinois.

12. Each of the amounts in controversy are in excess of the minimum jurisdiction limits of the Court, exclusive of interests, costs and attorney fees.

**III. Venue**

13. Venue is proper in Cook County under 735 ILCS 5/2-102(a) as the Plaintiff's reside in Cook County and the Defendants have places of business and/or conduct business in Cook County and/or with Cook County residents.

## IV. Count I – Negligence v. Gray Line Corporation

14. That at all times relevant herein, Plaintiffs ANTHONY PENA and SANDRA PENA, were residents of Cook County, State of Illinois.

15. That on or about July 24, 2015, upon Plaintiffs ANTHONY PENA and SANDRA PENA'S arrival and check-in at the Sunset Plaza Beach Resort and Spa in Puerto Vallarta, Mexico, Defendant GRAY LINE CORPORATION, directly or through its affiliates, agents, employees, franchisees and/or subsidiaries, approached Plaintiffs without solicitation, and thereby endorsed, encouraged, promoted, recommended and offered Plaintiffs the opportunity to make arrangements for the "Hidden Mexico" excursion.

16. That Defendant, directly or through its affiliates, agents, employees, franchisees and/or subsidiaries, provided Plaintiffs information regarding the "Hidden Mexico" excursion.

17. That Defendant, directly or through its affiliates, agents, employees, franchisees and/or subsidiaries, failed to disclose to Plaintiffs that the "Hidden Mexico" excursion was dangerous in any manner.

18. That the "Hidden Mexico" excursion utilized specialized off-road vehicles traveling on mountain roads and terrain, and was or should have been considered by Defendant a hazardous activity.

19. That Plaintiffs selected the "Hidden Mexico" excursion based on the promotions, recommendations, and representations, of Defendant, directly or through its affiliates, agents, employees, franchisees and/or subsidiaries, including the quality, safety, inspections, and approvals of the activity.

20. That on or about July 24, 2015, Plaintiffs were lawful passengers on an off-road vehicle utilized for the "Hidden Mexico" excursion, when suddenly and without warning, said vehicle

violently overturned on its side with great force, rolling repeatedly down a steep embankment.

21. Plaintiffs' relied on Defendant, Gray Line Corporation's logo and/or trademark, when they selected, purchased and participated in the "Hidden Mexico" excursion, and that said excursion would be quality and undertaken with reasonable care.

22. Defendant, Gray Line Corporation's logo and/or trademark appears in the advertisement and/or promotional materials that Plaintiffs' relied upon in deciding select, purchase and participate in the "Hidden Mexico" excursion.

23. Defendant, Gray Line Corporation's logo and/or trademark appears in the advertisement and/or promotional material and led the Plaintiffs' to believe and rely on their belief that Defendant, Gray Line Corporation was promoting, recommending and/or responsible for the "Hidden Mexico" excursion and that the Defendants and/or individuals promoting and recommending said excursion were acting as Defendant, Gray Line Corporation's agents.

24. That as a direct and proximate cause of Plaintiffs' aforesaid reliance, Plaintiffs each suffered severe and permanent injuries as stated in paragraph 26 of this First Amended Complaint at Law.

25. At the aforementioned time and place, Defendant directly or through its affiliates, agents, employees, franchisees and/or subsidiaries, breached its duty of care to Plaintiffs when it carelessly and negligently did the following acts and/or omissions:

a. offered unsafe activities to its customers;

b. permitted hazardous activities without warning its customers;

c. failed to establish a means to ensure that the activities it endorses, encourages, promotes, and recommends are regularly inspected and subject to quality insurance;

d. failed to warn its customers of dangerous activities;

e. allowed unsafe operations in areas or over mountainous roads which were unsafe;

f. operated an excursion, including the specialized vehicle which rolled-off a mountain road in a negligent and unsafe manner;

g. operated, managed, maintained and controlled said vehicle;

h. operated said motor vehicle at rate of speed that was greater than reasonable and proper with regard to traffic conditions and the use of the highway;

i. failed to have said motor vehicle equipped with proper and sufficient brakes;

j. failed to maintain proper control over said motor vehicle at all times;

k. Otherwise carelessly, negligently and improperly drove and operated said motor vehicle.

26. As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions, Plaintiffs, ANTHONY PENA and SANDRA PENA, were injured, both internally and externally, and suffered a severe shock to their nervous systems, and bruises, contusions, lacerations, torn ligaments, and fractures to their bodies, and became and was sick and disabled and suffered, and will in the future suffer, great pain, discomfort and physical impairment, all of which injuries are permanent; and they have lost and will in the future lose other great gains which they otherwise would have made and acquired; and they have been kept and will be kept from attending to their ordinary affairs and duties, and Plaintiffs have become liable for large sums of money for medical and hospital care and attention.

WHEREFORE, Plaintiffs, ANTHONY PENA and SANDRA PENA, each pray for judgment against Defendant, GRAY LINE CORPORATION, in an amount in excess of fifty-thousand dollars ($50,000.00), as will fairly and adequately compensate them for their injuries and damages together with their costs in bringing this suit.

**Count II – Negligence v. Gray Line Los Cabos SA De CV, individually, and d/b/a Gray Line Puerto Vallarta**

27. That at all times relevant herein, Plaintiffs, ANTHONY PENA and SANDRA PENA, were residents of Cook County, State of Illinois.

28. That at all times relevant herein, Defendant, GRAY LINE LOS CABOS SA DE CV, individually, and d/b/a GRAY LINE PUERTO VALLARTA, was a foreign corporation, incorporated in the country of Mexico and has regularly done, and is doing, business with residents of the County of Cook, State of Illinois, and has systematically conducted business on a regular basis with residents of the State of Illinois.

29. That on or about July 24, 2015, upon Plaintiffs ANTHONY PENA and SANDRA PENA'S arrival and check-in at the Sunset Plaza Beach Resort and Spa in Puerto Vallarta, Mexico, the Defendant, GRAY LINE LOS CABOS SA DE CV, individually and d/b/a GRAY LINE PUERTO VALLARTA, directly or through its affiliates, agents, employees, franchisees and/or subsidiaries, approached Plaintiffs without solicitation, and thereby endorsed, encouraged, promoted, recommended and offered Plaintiffs the opportunity to make arrangements for the "Hidden Mexico" excursion.

30. That Defendant, directly or through its affiliates, agents, employees, franchisees and/or subsidiaries, provided Plaintiffs information regarding the "Hidden Mexico" excursion.

31. That Defendant, directly or through its affiliates, agents, employees, franchisees and/or subsidiaries, failed to disclose to Plaintiffs that the "Hidden Mexico" excursion was dangerous in any manner.

32. That the "Hidden Mexico" excursion utilized specialized off-road vehicles traveling on mountain roads and terrain, and was or should have been considered by Defendant a hazardous activity.

33. That Plaintiffs selected the "Hidden Mexico" excursion based on the promotions, recommendations, and representations, of Defendant, directly or through its affiliates, agents, employees, franchisees and/or subsidiaries, including the quality, safety, inspections, and approvals of the activity.

34. That on or about July 24, 2015, Plaintiffs were lawful passengers on an off-road vehicle utilized for the "Hidden Mexico" excursion, when suddenly and without warning, said vehicle violently overturned on its side with great force, rolling repeatedly down a steep embankment.

35. At the aforementioned time and place, Defendant directly, or through its affiliates, agents, employees, franchisees and/or subsidiaries, breached its duty of care to Plaintiffs when it carelessly and negligently did the following acts and/or omissions:

a. offered unsafe activities to its customers;

b. permitted hazardous activities without warning its customers;

c. failed to establish a means to ensure that the activities it endorses, encourages, promotes, and recommends are regularly inspected and subject to quality insurance;

d. failed to warn its customers of dangerous activities;

e. allowed unsafe operations in areas or over mountainous roads which were unsafe;

f. operated an excursion, including the specialized vehicle which rolled-off a mountain road in a negligent and unsafe manner;

g. operated, managed, maintained and controlled said vehicle;

h. operated said motor vehicle at rate of speed that was greater than reasonable and proper with regard to traffic conditions and the use of the highway;

i. failed to have said motor vehicle equipped with proper and sufficient brakes;

j. failed to maintain proper control over said motor vehicle at all times;

k. Otherwise carelessly, negligently and improperly drove and operated said motor vehicle.

36. As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions, Plaintiffs, ANTHONY PENA and SANDRA PENA, were injured, both internally and externally, and suffered a severe shock to their nervous systems, and bruises, contusions, lacerations, torn ligaments, and fractures to their bodies, and became and was sick and disabled and suffered, and will in the future suffer, great pain, discomfort and physical impairment, all of which injuries are permanent; and they have lost and will in the future lose other great gains which they otherwise would have made and acquired; and they have been kept and will be kept from attending to their ordinary affairs and duties, and Plaintiffs have become liable for large sums of money for medical and hospital care and attention.

WHEREFORE, Plaintiffs, ANTHONY PENA and SANDRA PENA, each pray for judgment against Defendant, GRAY LINE LOS CABOS SA DE CV, individually, and d/b/a GRAY LINE PUERTO VALLARTA, in an amount in excess of fifty-thousand dollars ($50,000.00), as will fairly and adequately compensate them for their injuries and damages together with their costs in bringing this suit.

**Count III – Negligence v. Expedia, Inc., individually, and d/b/a Expedia and Travelocity**

37. That at all times relevant herein, Plaintiffs ANTHONY PENA and SANDRA PENA, were residents of Cook County, State of Illinois.

38. That at all times relevant herein, Defendant, EXPEDIA, INC., individually and d/b/a EXPEDIA and TRAVELOCITY, were incorporated in the State of Washington, have regularly done, and is doing, business within the County of Cook in the State of Illinois, and has systematically conducted business on a regular basis in the State of Illinois, and under its laws.

39. That on or about July 24, 2015, upon Plaintiffs ANTHONY PENA and SANDRA PENA'S

arrival and check-in at the Sunset Plaza Beach Resort and Spa in Puerto Vallarta, Mexico, Defendant EXPEDIA, INC., individually, and d/b/a EXPEDIA and TRAVELOCITY, directly or through its affiliates, agents, employees, franchisees and/or subsidiaries, approached Plaintiffs without solicitation, and thereby endorsed, encouraged, promoted, recommended and offered Plaintiffs the opportunity to make arrangements for the "Hidden Mexico" excursion.

40. That Defendant, directly or through its affiliates, agents, employees, franchisees and/or subsidiaries, provided Plaintiffs information regarding the "Hidden Mexico" excursion.

41. That Defendant, directly or through its affiliates, agents, employees, franchisees and/or subsidiaries, failed to disclose to Plaintiffs that the "Hidden Mexico" excursion was dangerous in any manner.

42. That the "Hidden Mexico" excursion utilized specialized off-road vehicles traveling on mountain roads and terrain, and was or should have been considered by Defendant a hazardous activity.

43. That Plaintiffs selected the "Hidden Mexico" excursion based on the promotions, recommendations, and representations, of Defendant, directly or through its affiliates, agents, employees, franchisees and/or subsidiaries, including the quality, safety, inspection, and approval of the activity.

44. That on or about July 24, 2015, Plaintiffs were lawful passengers on an off-road vehicle utilized for the "Hidden Mexico" excursion, when suddenly and without warning, said vehicle violently overturned on its side with great force, rolling repeatedly down a steep embankment.

45. Plaintiffs' relied on the language "Gray Line Vallarta in Partnership with Expedia," when they selected, purchased and participated in the "Hidden Mexico" excursion, and that said excursion would be quality and undertaken with reasonable care.

46. The language "Gray Line Vallarta in Partnership with Expedia" appeared in the advertisement and/or promotional materials that Plaintiff's relied upon in deciding to select, purchase and participate in the "Hidden Mexico" excursion.

47. The language "Gray Line Vallarta in Partnership with Expedia" which appeared in the advertisement and/or promotional materials and led the Plaintiffs to believe and rely on their belief that Defendant, EXPEDIA, INC., individually, and d/b/a EXPEDIA and TRAVELOCITY was promoting, recommending and/or responsible for the "Hidden Mexico" excursion and that the Defendant and/or individuals promoting and recommending said excursion were acting as Defendant, EXPEDIA, INC., individually and d/b/a EXPEDIA and TRAVELOCITY'S agents.

48. That as a direct and proximate result of Plaintiffs' aforesaid reliance, Plaintiffs each suffered severe and permanent injuries as stated in paragraph 50 of this First Amended Complaint at Law.

49. At the aforementioned time and place, Defendant breached its duty of care to Plaintiffs when it carelessly and negligently did the following acts and/or omissions:

a. offered unsafe activities to its customers;

b. permitted hazardous activities without warning its customers;

c. failed to establish a means to ensure that the activities it endorses, encourages, promotes, and recommends are regularly inspected and subject to quality insurance;

d. failed to warn its customers of dangerous activities;

e. allowed unsafe operations in areas or over mountainous roads which were unsafe;

f. operated an excursion, including the specialized vehicle which rolled-off a mountain road in a negligent and unsafe manner;

g. operated, managed, maintained and controlled said vehicle;

h. operated said motor vehicle at rate of speed that was greater than reasonable and proper with regard to traffic conditions and the use of the highway;

i. failed to have said motor vehicle equipped with proper and sufficient brakes;

j. failed to maintain proper control over said motor vehicle at all times;

k. Otherwise carelessly, negligently and improperly drove and operated said motor vehicle.

50. As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions, Plaintiffs, ANTHONY PENA and SANDRA PENA, were injured, both internally and externally, and suffered a severe shock to their nervous systems, and bruises, contusions, lacerations, torn ligaments, and fractures to their bodies, and became and was sick and disabled and suffered, and will in the future suffer, great pain, discomfort and physical impairment, all of which injuries are permanent; and they have lost and will in the future lose other great gains which they otherwise would have made and acquired; and they have been kept and will be kept from attending to their ordinary affairs and duties, and Plaintiffs have become liable for large sums of money for medical and hospital care and attention.

WHEREFORE, Plaintiffs, ANTHONY PENA and SANDRA PENA, each pray for judgment against Defendant, EXPEDIA, INC., individually and d/b/a EXPEDIA, in an amount in excess of fifty-thousand dollars ($50,000.00), as will fairly and adequately compensate them for their injuries and damages together with their costs in bringing this suit.

**Count IV – Negligence v. Vallarta Adventures, S.A. De C.V., individually, and d/b/a Vallarta Adventures**

51. That at all times relevant herein, Plaintiffs, ANTHONY PENA and SANDRA PENA, were residents of Cook County, State of Illinois.

52. That at all times relevant herein, Defendant, VALLARTA ADVENTURES, SA DE CV, individually, and d/b/a VALLARTA ADVENTURES, was a foreign corporation, incorporated in

the country of Mexico and has regularly done, and is doing, business with residents of the County of Cook, State of Illinois, and has systematically conducted business on a regular basis with residents of the State of Illinois.

53. That on or about July 24, 2015, upon Plaintiffs ANTHONY PENA and SANDRA PENA'S arrival and check-in at the Sunset Plaza Beach Resort and Spa in Puerto Vallarta, Mexico, the Defendant, VALLARTA ADVENTURES, SA DE CV, individually, and d/b/a VALLARTA ADVENTURES, directly or through its affiliates, agents, employees, franchisees and/or subsidiaries, approached Plaintiffs without solicitation, and thereby endorsed, encouraged, promoted, recommended and offered Plaintiffs the opportunity to make arrangements for the "Hidden Mexico" excursion.

54. That Defendant, directly or through its affiliates, agents, employees, franchisees and/or subsidiaries, provided Plaintiffs information regarding the "Hidden Mexico" excursion.

55. That Defendant, directly or through its affiliates, agents, employees, franchisees and/or subsidiaries, failed to disclose to Plaintiffs that the "Hidden Mexico" excursion was dangerous in any manner.

56. That the "Hidden Mexico" excursion utilized specialized off-road vehicles traveling on mountain roads and terrain, and was or should have been considered by Defendant a hazardous activity.

57. That Plaintiffs selected the "Hidden Mexico" excursion based on the promotions, recommendations, and representations, of Defendant, directly or through its affiliates, agents, employees, franchisees and/or subsidiaries, including the quality, safety, inspection, and approval of the activity.

58. That on or about July 24, 2015, Plaintiffs were lawful passengers on an off-road vehicle

utilized for the "Hidden Mexico" excursion, when suddenly and without warning, said vehicle violently overturned on its side with great force, rolling repeatedly down a steep embankment.

59. At the aforementioned time and place, Defendant directly, or through its affiliates, agents, employees, franchisees and/or subsidiaries, breached its duty of care to Plaintiffs when it carelessly and negligently did the following acts and/or omissions:

a. offered unsafe activities to its customers;

b. permitted hazardous activities without warning its customers;

c. failed to establish a means to ensure that the activities it endorses, encourages, promotes, and recommends are regularly inspected and subject to quality insurance;

d. failed to warn its customers of dangerous activities;

e. allowed unsafe operations in areas or over mountainous roads which were unsafe;

f. operated an excursion, including the specialized vehicle which rolled-off a mountain road in a negligent and unsafe manner;

g. operated, managed, maintained and controlled said vehicle;

h. operated said motor vehicle at rate of speed that was greater than reasonable and proper with regard to traffic conditions and the use of the highway;

i. failed to have said motor vehicle equipped with proper and sufficient brakes;

j. failed to maintain proper control over said motor vehicle at all times;

k. Otherwise carelessly, negligently and improperly drove and operated said motor vehicle.

60. As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions, Plaintiffs, ANTHONY PENA and SANDRA PENA, were injured, both internally and externally, and suffered a severe shock to their nervous systems, and bruises, contusions, lacerations, torn ligaments, and fractures to their bodies, and became and was sick and disabled and

suffered, and will in the future suffer, great pain, discomfort and physical impairment, all of which injuries are permanent; and they have lost and will in the future lose other great gains which they otherwise would have made and acquired; and they have been kept and will be kept from attending to their ordinary affairs and duties, and Plaintiffs have become liable for large sums of money for medical and hospital care and attention.

WHEREFORE, Plaintiffs, ANTHONY PENA and SANDRA PENA, each pray for judgment against Defendant, VALLARTA ADVENTURES, SA DE CV, individually, and d/b/a VALLARTA ADVENTURES, in an amount in excess of fifty-thousand dollars ($50,000.00), as will fairly and adequately compensate them for their injuries and damages together with their costs in bringing this suit.

MARK A HEFTMAN
Attorney for Plaintiff

ATTORNEY NO. 46715
LAW OFFICE OF DANIEL E GOODMAN, LLC
9701 W. HIGGINS RD, SUITE 601
ROSEMONT, IL 60018
(847) 292-6000