# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANTHONY PENA and SANDRA PENA, ) | |
| ) | |
| Plaintiff, ) | No. 17 C 6091 |
| ) | |
| v. ) | |
| ) | Hon. Virginia M. Kendall |
| ) | |
| GRAY LINE CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Anthony Pena and Sandra Pena filed this suit against Defendants Gray Line Corporation ("Gray Line") and Expedia Inc., individually and d/b/a Expedia and Travelocity ("Expedia") in the Circuit Court of Cook County, Illinois, alleging negligence related to an off-road vehicle accident involving Plaintiffs while they were on vacation in Mexico. (Dkt. 1-B).[1] On August 22, 2017, Gray Line removed the case to federal court and it was assigned to Judge Der-Yeghiayan. (Dkt. 1). In October 2017, Gray Line and Expedia each separately moved to dismiss the First Amended Complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). (Dkts. 14, 21). On February 20, 2018, the case was reassigned to this Court. (Dkt. 31). Despite receiving three extensions of time to file a response—from Judge Der-Yeaghiayan and this Court—between October 2017 and March 2018, Plaintiffs failed to respond to either Motion to Dismiss. For the reasons stated below, the Court grants Gray Line's Motion to Dismiss (Dkt. 14) and Expedia's Motion to Dismiss (Dkt. 21) and dismisses the case without prejudice for lack of personal jurisdiction.

---

[1] The operative complaint also names as defendants Gray Line Los Cabos SA DE CV, individually and d/b/a Gray Line Puerto Vallarta and Vallarta Adventures, SA DE CV, individually and d/b/a Vallarta Adventures. (Dkt. 1-2). Both are foreign entities and have not been served with process in this action. (Dkt. 1 at ¶ 6).

## BACKGROUND

The following facts are based on the allegations in the First Amended Complaint and the statements provided in the affidavits submitted by both Defendants that controvert or supplement the Plaintiffs' allegations. To determine a motion to dismiss for lack of personal jurisdiction, the Court "take[s] as true all well-pleaded facts alleged in the complaint and resolve[s] any factual disputes in the affidavits in favor of the plaintiff." *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010) (citing *Purdue Res. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003)).

According to the First Amended Complaint, on or around July 24, 2015, Plaintiffs checked in to the Sunset Plaza Beach Resort and Spa in Puerto Vallarta, Mexico, at which point they were approached by agent(s) or affiliate(s) of Gray Line and/or Expedia (hereinafter, "Defendants"). (Dkt. 1-2 at ¶¶ 15, 39). Defendants promoted and provided Plaintiffs with information about the "Hidden Mexico" excursion, an excursion that traveled through mountains and terrain on off-road vehicles. (*Id.* at ¶¶ 16, 18, 40, 42). Gray Line's logo and the language "Gray Line Vallarta in Partnership with Expedia" appeared on the promotional materials. (*Id.* at ¶¶ 22, 46). The excursions should have been considered a "hazardous activity," but Defendants failed to disclose to Plaintiffs that the excursion was dangerous in any way. (*Id.* at ¶¶ 17-18, 41-42). Defendants offered to make arrangements for Plaintiffs to participate in the "Hidden Mexico" excursion and, relying on Defendants' recommendation and representations, Plaintiffs accepted. (*Id.* at ¶¶ 15, 19, 39, 43). On or around July 24, 2015, while on the "Hidden Mexico" excursion, Plaintiffs were passengers on an off-road vehicle that suddenly and without warning overturned on its side and rolled down a steep embankment. (*Id.* at ¶¶ 20, 44). Plaintiffs suffered severe and permanent injuries as a result. (*Id.* at ¶¶ 24, 26, 48, 50).

Plaintiffs are both residents of Illinois. (*Id*. at ¶¶ 2-3). Plaintiffs conceded in the First Amended Complaint that neither Gray Line nor Expedia is incorporated in or has its principal place of business in Illinois. (*Id*. at ¶¶ 4-5). With regard to jurisdiction, the First Amended Complaint alleges only that each of Gray Line and Expedia is subject to the limited personal jurisdiction of this Court pursuant to the Illinois Long Arm Statute, 735 ILCS 5/2-209(b), because each:

- "either personally and/or through affiliates, agents, or otherwise, engaged in, transacted, carried on[] a business or business ventures in Illinois";

- "directly, or through agents affiliates, employees, subsidiaries, or otherwise, engaged in, transacted or carried on business transactions through their advertising, solicitation, marketing, arranging, representations, and other such actions, which constituted an act to be done or consequences to occur in [Illinois]"; and

- "itself, or through its affiliates, owns, uses, or possesses real or tangible personal property in [Illinois]."

(*Id.* at ¶¶ 8, 10).

According to the affidavit submitted by Gray Line, Gray Line is incorporated under the laws of the state of Maryland with its principal place of business in Denver, Colorado and has no offices or employees in Illinois. (Dkt. 14-1 at ¶ 3). According to the affidavit submitted by Expedia, Expedia is incorporated under the laws of the state of Washington with its headquarters and principal place of business in Bellevue, Washington. (Dkt. 21-1 at ¶ 3). Expedia's officers have directed, controlled and coordinated the corporation's business from Washington since its formation in 1999. (*Id*. at ¶ 4). Expedia has never had its principal place of business in Illinois and, at the time this suit was filed, had no officers residing in Illinois. (*Id.* at ¶ 5).

## **LEGAL STANDARD**

Rule 12(b)(2) permits dismissal for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). A plaintiff need not anticipate a personal jurisdiction challenge in its complaint;

however, once a defendant challenges the court's exercise of personal jurisdiction, the plaintiff bears the burden of demonstrating that personal jurisdiction exists. *See Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 548 (7th Cir.2004). Where, as here, the Court decides a motion challenging jurisdiction on the basis of written submissions, the plaintiff "need only make out a prima facie case of personal jurisdiction." *GCIU-Emp'r Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1023 (7th Cir.2009) (citing *Purdue Res. Found.*, 338 F.3d at 782). In reviewing a motion to dismiss for lack of personal jurisdiction, the Court accepts all well-pleaded factual allegations in the First Amended Complaint as true unless controverted by affidavits outside the pleadings. *See Purdue Res. Found.*, 338 F.3d at 782. The Court construes all factual disputes in Plaintiffs' favor. *See Tamburo*, 601 F.3d at 700; *Logan Prods., Inc. v. Optibase, Inc.*, 103 F.3d 49, 52 (7th Cir.1996).

## DISCUSSION

As an initial matter, Plaintiffs' failure to respond to Defendants' Motions to Dismiss by itself warrants dismissal of their claims. As stated above, once a defendant challenges whether personal jurisdiction exists, it is the plaintiff's burden to demonstrate that it does. *Jennings*, 383 F.3d at 548. Here, Plaintiffs waived all objections to Defendants' challenge of the Court's exercise of personal jurisdiction by failing to respond to the Motions to Dismiss. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) (citing *United States v. Farris*, 532 F.3d 615, 619 (7th Cir.2008)). Therefore, dismissal is appropriate because Plaintiffs cannot meet their burden and have effectively abandoned the litigation of their claims. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("rule that a person waives an argument by failing to make it before the district court" applies "where a litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss"); *see also, e.g., Thornton v. Flagstar Bank, FSB*, No. 12-CV-07506, 2013 WL 4501445, at *3 (N.D. Ill. Aug. 21, 2013)

(dismissal is appropriate where plaintiffs fail to respond to motion to dismiss, effectively abandoning litigation of their claims).

Regardless, dismissal is also appropriate because based on the First Amended Complaint and affidavits submitted by Defendants, this Court lacks personal jurisdiction over Gray Line and Expedia. In a diversity-jurisdiction case, personal jurisdiction is governed by the law of the forum state. *See N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014); *Tamburo*, 601 F.3d at 700. The Illinois long-arm statute permits the exercise of jurisdiction to the full extent permitted by the Fourteenth Amendment's Due Process Clause. *See Brook v. McCormley*, 873 F.3d 549, 552 (7th Cir. 2017); 735 Ill. Comp. Stat. 5/2-209(c). Therefore, the state and federal constitutional requirements are the same. *See id.*, 873 F.3d at 552 (citing *Tamburo*, 601 F.3d at 700). Federal due process requires that the defendant has "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* (quoting *Int'l Shoe Co. v. Wash*, 326 U.S. 310, 316 (1945)). Physical presence in the forum state is not required, but there must be sufficient minimum contacts such that the defendant "should reasonably anticipate being haled into court there." *Id.* (quoting *Burger King Corp.*, 417 U.S. 462, 474 (1985)).

A plaintiff can establish personal jurisdiction over a defendant in two ways: through general or specific jurisdiction. *Id.*; *Tamburo*, 601 F.3d at 701. General jurisdiction "is proper only in the limited number of fora in which the defendant can be said to be 'at home.'" *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014), as corrected (May 12, 2014). A corporation is "at home" only where the corporation's place of incorporation or principal place of business is located. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Otherwise, the corporation must have "continuous and

systemic" contacts with the forum state to be subject to general personal jurisdiction there. *Brook*, 873 F.3d at 552. "The threshold for general jurisdiction is high"; "isolated or sporadic contacts . . . are insufficient." *Tamburo*, 601 F.3d at 701.

Neither Gray Line nor Expedia is incorporated in or has a principal place of business in Illinois. Additionally, Plaintiffs have not pled facts establishing any "continuous and systemic" contacts with the state. The First Amended Complaint relies only conclusory allegations that Defendants conduct business, advertise, and own property in the state. Plaintiffs do not offer any detail as to the nature of the alleged business, advertisement or property. Without more, these allegations are insufficient to establish general personal jurisdiction in Illinois. *See, e.g., Aspen Am. Ins. Co. v. Interstate Warehousing, Inc.*, 90 N.E.3d 440, 446 (Ill. 2017) (merely "doing business within the State" or "register[ing] to do business in a state is insufficient to show defendant is effectively "at home" in the state); *Inman v. Howe Freightways, Inc.*, 2015 IL App (1st) 1150224-U, ¶ 20 (2015) ("[T]he mere advertisement and solicitation does not subject a defendant to personal jurisdiction.") (citing *Riemer v. KSL Recreation Corp.*, 807 N.E.2d 1004, 1013 (Ill. App. Ct. 2004)).

Specific jurisdiction requires that a defendant's contacts with the forum state be "directly related to the conduct pertaining to the claims asserted." *Brook*, 873 F.3d at 552. "The 'mere fact that [defendant's] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction.'" *Advanced Tactical Ordnance* Sys., 751 F.3d at 802 (quoting *Walden v. Fioer*, 134 S.Ct. 1115, 1126 (2014)). Specific personal jurisdiction is appropriate only when "the defendant purposefully directs its activities at the forum state and the alleged injury arises out of those activities*." Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 444 (7th Cir. 2010) (citing *Burger King*, 471 U.S. at

472). "The inquiry must focus on 'the relationship among the defendant, the forum, and the litigation.'" *Brook*, 873 F.3d at 552. All of the allegedly negligent conduct giving rise to Plaintiffs' injuries occurred in Mexico. Defendants allegedly promoted the excursion, failed to disclose the dangerous nature of the excursion, and made arrangements for Plaintiffs to participate in the excursion in Mexico. Plaintiffs fail to allege that Defendants purposefully directed any activities at the state of Illinois, much less that Plaintiffs' injuries arose out of such activities.

Based on the First Amended Complaint and written materials submitted by the parties, Plaintiffs failed to meet their burden to show that either Gray Line or Expedia has sufficient minimum contacts with Illinois to establish personal jurisdiction in this state.

## **CONCLUSION**

For the reasons stated above, the Court grants Gray Line's Motion to Dismiss [14] and Expedia's Motion to Dismiss [21] without prejudice pursuant to Rule 12(b)(2).

                                                   _____
                                                   Hon. Virginia M. Kendall
                                                   United States District Judge

Date: May 25, 2018